# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

UNITED STATES OF AMERICA

v.                                                          Case Nos. 3:18-CR-71; 3:18-CR-186
                                                            Phillips

LARRY STEVEN COVINGTON, JR.

---

## SENTENCING MEMORANDUM SUBMITTED
## ON BEHALF OF LARRY COVINGTON

---

Comes the Defendant, Larry Covington, through counsel, pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(C)[1], U.S.S.G. §6B1.2(c), and 18 U.S.C. § 3553(a), and respectfully

submits the following Sentencing Memorandum.

On June 5, 2018, Larry Covington was charged in a one count Indictment with a violation

of 18 U.S.C. § 3146(a)(2), Failure to Surrender for Service of Sentence.  On November 14, 2018,

Mr. Covington was charged in a two count Information with violations of 18 U.S.C. § 111 and 18

U.S.C. §922(g)(1).  Mr. Covington pleaded guilty to all of these charges on December 10, 2018.

On April 4, 2019, the parties filed an Amended Plea Agreement.  [ECF Doc. 23].  Since that

time, the parties have agreed to the terms contained in a Second Amended Plea Agreement.  That

document will be filed with the Court as soon as it is received by the parties.[2]  Pursuant to the

---

1   It is anticipated that a Second Amended Plea Agreement will be filed with the Court prior to the scheduled
    sentencing.  The Second Amended Plea Agreement is an 11(c)(1)(C) plea agreement.

2   Mr. Covington is in remote detention in Georgia and communications have been severely delayed at this facility.

1

Second Amended Plea Agreement, the parties agree, subject to the Court's approval and acceptance, to a total term of imprisonment of 180 months.

Mr. Covington respectfully submits that the negotiated plea agreement and resulting sentence is appropriate in this case. The agreed sentence of 180 months is 8 months greater than the lowest end of the effective guideline range of 172 to 221 months.[3] *See* U.S.S.G. §6B1.2(c)(1). A 180 month sentence is a very significant sentence in this case and will satisfy all the factors the Court must consider pursuant to 18 U.S.C. §3553(a).

The nature and circumstances of these offenses are accurately and completely reflected in paragraph 5 of the Plea Agreement and paragraphs 16-30 of the PSR. Mr. Covington recognizes the seriousness of the offense and acknowledges the potential for far greater harm that could have occurred in this case. Although the potential for greater harm should not be underestimated, it should be noted that no law enforcement officers or bystanders suffered any physical injury or serious bodily harm in this case.

Prior to the incident giving rise to these cases, Mr. Covington was facing a 46 month sentence for a non-violent offense. Now, Mr. Covington qualifies as a Career Offender. Mr. Covington's case is the proverbial snowball that turned into an avalanche. The vast majority of Mr. Covington's prior criminal history was drug and/or alcohol related and due to his substance abuse issues. Mr. Covington will not try to excuse his actions. Instead, Mr. Covington is faced with the very real consequences that flowed from a series of panicked and poor decisions.

Mr. Covington will have 15 years to reflect on those decisions and to make amends to his family for the time that he has lost with them. During that time, Mr. Covington will have an

3 Presentence Investigation Report (hereinafter PSR) pg. 20, ¶ 104.

2

opportunity to learn a skill or trade and to participate in substance abuse treatment. Job training and substance abuse treatment will be a necessary foundation for Mr. Covington's success when he is released.

A 180 month sentence is within the recommended guideline range contemplated by the United States Sentencing Commission in this case. Accordingly, it adequately reflects the seriousness of the offense, provides just punishment for the offense and promotes respect for the law. Likewise, a sentence of 180 months will guarantee that Mr. Covington will not be released until he is in his mid-fifties. Such a sentence will serves as a serious deterrent to Mr. Covington and the public in general. Specifically, an 180 month sentence will serve to warn Mr. Covington and the public that violent offenses will be punished with significant prison time in the Eastern District of Tennessee. As a result of such a lengthy sentence, the public will be protected while Mr. Covington learns new job skills to help him succeed when he is finally released.

Mr. Covington submits that the Presentence Report adequately and accurately addresses the remaining factors set forth in 18 U.S.C. §3553(a). Based upon all of these considerations, Mr. Covington respectfully requests that the Court accept the negotiated plea agreement and sentence him to 180 months imprisonment.

Respectfully submitted on May 15, 2019.

s/ Robert R. Kurtz
Robert R. Kurtz
BPR No. 20832
422 S. Gay St., Ste. 301
Knoxville, TN 37902
865-522-9942
rrkurtz@gmail.com

3

**Certificate of Service**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Robert R. Kurtz