UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:18-CR-71 and 3:18-CR-186 |
| v. | ) |
| | ) JUDGE PHILLIPS |
| LARRY STEVEN COVINGTON, JR. | ) |

## SECOND AMENDED PLEA AGREEMENT TO INCLUDE A RULE 11(c)(1)(C) PROVISION

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, LARRY STEVEN COVINGTON, JR., and the defendant's attorney, Robert Kurtz, have agreed upon the following:

1. The defendant has waived indictment and arraignment and will plead guilty to an information 3:18-CR-186, charging the defendant with two counts. Count one charges assault upon a federal officer in violation of Title 18, United States Code, Section 111. The punishment for this offense is up to twenty (20) years imprisonment, three (3) years of supervised release, a fine up to $250,000.00, a $100 special assessment fee, and forfeiture. Count two charges possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The punishment for this offense is up to ten (10) years imprisonment, a term of supervised release of up to (3) years, a fine of up to $250,000.00, and a $100 special assessment fee and forfeiture.

2. Further, the defendant will plead to indictment 3:18-CR-71 charging the defendant with one count of Failure to Surrender for Service of Sentence in violation of Title 18, United States Code, Section 3146(a)(2). The punishment for this offense is up to five (5) years imprisonment consecutive to any other term of offense, up to a $250,000.00 fine, up to three (3) years on supervised release, and a $100 mandatory assessment fee.

3. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offense(s) committed by the defendant that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

4. The defendant has read the information 3:18-CR-186 and indictment 3:18-CR-71, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

    A. <u>Assault upon a Federal Officer</u>

        i. Defendant forcibly assaulted, resisted, opposed, impeded, intimidated and interfered;
        ii. With any person designated in Title 18 USC, Section 1114;
        iii. While engaged in or on account of the performance of official duties;
        iv. Defendant used a deadly weapon or inflicted bodily injury.

    B. <u>Possession of a Firearm by a Convicted Felon</u>

        i. Prior felony conviction punishable by greater than 1 year imprisonment OR a fugitive from justice;
        ii. Knowingly possess a firearm;
        iii. The possession of the firearm was in or affected interstate commerce or the firearm was shipped/transported/received in interstate or foreign commerce.

    C. <u>Failure to Surrender for Service of Sentence</u>

        i. Defendant having been released under an order setting conditions of release by a federal magistrate;
        ii. Defendant fails to surrender for service of a sentence pursuant to a court order.

5. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other

facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On April 2, 2018, the defendant was sentenced by this Honorable Court to forty-six (46) months imprisonment in the Eastern District of Tennessee in case 3:17-CR-50. The defendant was ordered to be released on his original bond ordered by the Magistrate Judge pending designation by the Board of Prisons (BOP).

On April 5, 2018, the defendant was sent a letter from the BOP informing him of his report date of May 2, 2018 to FCI Beckley in West Virginia. Additionally, Defendant came to the United States Marshals Service (USMS) office in Knoxville where defendant signed the same letter acknowledging his report date. On May 2, 2018, Covington failed to appear at FCI Beckley.

From May 2, 2018 through July 2, 2018, the defendant was harbored by his girlfriend, Pennie Smith. While the defendant was being harbored, defendant was aware that Smith lied to the USMS telling them she was unaware of where defendant was hiding.

On July 2, 2018, the defendant and Smith drove to the United States Post Office (USPO) located at 1237 East Weisgarber Road, Knoxville, Tennessee to pick up a package. The USMS had been "tipped off" and were surveilling the parking lot. Defendant stayed in the vehicle, a 2001 Chevy Tahoe and Smith went into the USPO. Deputy United States Marshals (DUSMs) surrounded the defendant's vehicle, identified themselves as law enforcement and ordered the defendant to surrender. Defendant's only means of resisting arrest was driving forward onto the sidewalk to attempt a getaway. However, DUSM D.A. was blocking the defendant's only exit route. DUSM D.A. stood a foot from the front of the vehicle on the sidewalk, commanding the defendant to surrender. The defendant chose to forcibly resist arrest, gunned his engine and sped over the concrete parking curb and onto the sidewalk at a fast rate of speed leaving tire marks. DUSM D.A.

had to jump out of the direct line of defendant's vehicle in order to avoid being struck by the vehicle.

Defendant fled in his vehicle and drove at speeds close to a hundred miles an hour until he reached the neighborhood where his mother owned a home. He abandoned his vehicle and ran to the home of a friend, Robert Edward Seaton, at 1820 Millard Beets Road East, Knoxville, Tennessee. Seaton bandaged the defendant's injuries and allowed him to hide in his crawl space where defendant was ultimately located and taken into custody.

A search was conducted on the vehicle Covington abandoned after he fled the USPO. In the back seat of the vehicle in a Kobalt bag were three guns and ammunition, namely:

(a) Glock .40 caliber pistol, Model 22, serial number CML0255US;

(b) Smith and Wesson .455 Hand Ejector 2nd Model, serial number 44339;

(c) Smith and Wesson .380 caliber, Model M&P Bodyguard 380, serial number KBU6560;

(d) One (1) Remington, .22 Magnum cartridge ammunition;

(e) Six (6) Winchester .380 auto cartridge ammunition;

(f) Fourteen (14) Ruger .40 Smith and Wesson cartridge ammunition;

(g) One (1) Blazer .40 Smith and Wesson cartridge ammunition;

(h) Fourteen (14) Hornady .40 Smith and Wesson cartridge ammunition.

As of July 2, 2018, and at all times relevant to the charges in this case, the defendant was a previously convicted felon. That is, he had previously been convicted in a court of a crime punishable by greater than one year imprisonment. Specifically, defendant was convicted of possession with intent to sell marijuana, Knox County Tennessee, 2003; Possession with intent to sell more than .5 grams of cocaine, Knox County Tennessee, 2004; Theft and possession of a firearm by a convicted felon, Knox County Tennessee, 2015. All of the firearms and ammunition

the defendant possessed were manufactured outside of the State of Tennessee and, therefore, they affected interstate commerce. Defendant admits and acknowledges that he unlawfully possessed all of the aforesaid firearms and ammunition.

6. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a)     the right to be indicted by a grand jury for these crimes;

    b)     the right to plead not guilty;

    c)     the right to a speedy and public trial by jury;

    d)     the right to assistance of counsel at trial;

    e)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    f)     the right to confront and cross-examine witnesses against the defendant;

    g)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    h)     the right not to testify and to have that choice not used against the defendant.

7. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that defendant is a career offender pursuant to USSG §4B1.1 and that a sentence of one hundred eighty (180) months imprisonment including a three-year term of supervised release is the appropriate combined disposition of the information 3:18-CR-186 and indictment 3:18-CR-71. Additionally, the defendant and the United States agree that the previously imposed sentence for indictment 3:17-CR-50 and the agreed upon one hundred eighty (180) months sentence to be imposed for information 3:18-CR-186 and indictment 3:18-CR-71 shall run concurrently. Furthermore, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order

forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties:

(a) Glock .40 caliber pistol, Model 22, serial number CML0255US;

(b) Smith and Wesson .455 Hand Ejector 2nd Model, serial number 44339;

(c) Smith and Wesson .380 caliber, Model M&P Bodyguard 380, serial number KBU6560;

(d) One (1) Remington, .22 Magnum cartridge ammunition;

(e) Six (6) Winchester .380 auto cartridge ammunition;

(f) Fourteen (14) Ruger .40 Smith and Wesson cartridge ammunition;

(g) One (1) Blazer .40 Smith and Wesson cartridge ammunition;

(h) Fourteen (14) Hornady .40 Smith and Wesson cartridge ammunition.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the

defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two

exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

        c)      The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12.     This second amended plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

13.     The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though

there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This second amended plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty pleas to information 3:18-CR-186 and indictment 3:18-CR-71, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of the original plea agreement [Doc. 2 in 3:18-CR-186, Doc. 18 in 3:18-CR-71] and the amended plea agreement [Doc. 16 in 3:18-CR-186, Doc. 23 in 3:18-CR-71] were modified and superseded by this second amended plea agreement. The parties understand and agree that the terms of this second amended plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

5/28/2019
Date

By: _____
Jennifer Kolman
Assistant United States Attorney

05-28-2019
Date

_____
Larry Steven Covington, Jr.
Defendant

05-28-2019
Date

_____
Robert R. Kurtz
Attorney for the Defendant